BULL v. McCLAY. See Case No. 15,660.

---

## Case No. 2,120.

### BULL v. SOUTHFIELD.

[14 Blatchf. 216.] [1]

Circuit Court, E. D. New York. May 16, 1877.

MUNICIPAL CORPORATIONS—BONDS.

The provisions of the act of the legislature of New York, passed May 5th, 1870, incorporating the village of Edgewater, Richmond county, are so repugnant to the provisions of the act of May 11th, 1869, authorizing the issuing of bonds by certain towns, that the town of Southfield, in Richmond county, was excepted from the operation of the act of 1869, and the act of 1869 was repealed so far as that town was concerned, and bonds purporting to have been issued by that town under the act of 1869, after the passage of the act of 1870, are void, because such bonds were issued without authority of law.

[At law. Action by Archibald H. Bull against the town of Southfield. Judgment for defendant.]

John A. Foley, for plaintiff.

George J. Greenfield, for defendant.

BENEDICT, District Judge. This action is brought to recover the amount of several coupons for interest, which have been detached from bonds issued by the supervisor of the town of Southfield, Richmond county, in the year 1871, for the purpose of raising money to be expended in repairing, grading, or macadamizing certain roads and avenues. The liability of the town of Southfield to pay these coupons is denied, upon the ground that the bonds to which they were attached were issued without any authority of law, and are, therefore, void. It is not doubted that the liability of the town depends upon whether the authority to issue such bonds can be found on the statutes of the state, for, without authority derived from law, no town can be charged with such liability by the officers thereof. The requisite authority is claimed to be conferred by chapter 855 of the Laws of 1869, and the bonds themselves recite that they are issued under and pursuant to that statute. The question I am thus called on to determine is, not whether certain forms or preliminary proceedings required by law on the part of the town have been duly complied with, but whether, under any circumstances, the authorities of the town of Southfield had, at the time these bonds were issued, legal authority to raise money upon the credit of that town, for the purposes stated in these bonds. The existence of such authority is denied upon several grounds. One ground is based upon the fact that the bonds, upon their face, declare that the object of their issue was to repair, grade, or macadamize Vanderbilt avenue, when that avenue is wholly located in the town of Middleton, and no part of it is within the limits of the town of Southfield. A second ground is, that the act of May 5th, 1870, incorporating the village of Edgewater, in effect excepted the town of Southfield from the operation of chapter 855 of the Laws of 1869, and in law worked a repeal of the act of 1869, so far as the town of Southfield is concerned.

There is no difference of opinion in regard to the principles upon which such questions as these are to be determined. In a case like this, where there has been an advance of money upon the faith of bonds issued by the authorities of the town, and the money has been actually expended by such

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

authority, there are no considerations of equity calling for any stretching of the law, in order to enable the town to avoid payment. Furthermore, the case, in one aspect, turns upon a question of the repeal of a statute by implication, and such repeals are never favored. In this case, if ever, it is the duty of the court to so construe the two statutes involved in the controversy that both can stand, if such a course is possible. On the other hand, it is not to be forgotten that the protection of the property of the town resides in the statutes enacted for that purpose, and the town has an undoubted right to decline to be bound by any contract not authorized by law to be made in its behalf. With these considerations in view, I have examined the second ground of opposition on the part of the town, above stated, and I proceed now to determine whether the provisions of the act of 1870, incorporating the village of Edgewater, are so inconsistent with and repugnant to the provisions of the act of 1869, as to require the decision that the town of Southfield is excepted from the operation of the act of 1869, and that, so far as the town of Southfield is concerned, the act of 1869 had been repealed when these bonds were issued.

The point has been taken, that the act of 1869, when enacted, did not apply to the town of Southfield, because of existing laws of special character relating to the village of Edgewater; but, for the purposes of this decision, I shall assume that all the towns and counties in the state were within the scope of the act of 1869, save only those excepted by the act itself, viz., New York and Kings. I also assume that the act of 1869 confers sufficient authority for the issue of these bonds, provided the act was in force at the time.

The provisions of the act of 1869, relied on by the plaintiff, are as follows: "Section 1. The boards of supervisors of each county in this state, except New York and Kings, shall have power, at their annual meeting, or at any other regular meeting, to authorize the supervisors of any town in such county, by and with the consent of the commissioners of highways, town clerk and justices of the peace of such town, to borrow such sum of money, for and on the credit of such town, as the said town officers may deem necessary, to build or repair any road or roads, or bridge or bridges, in such town, or which shall be partly in such town and partly in an adjoining town; * * * and the said board of supervisors shall have power to prescribe the form of obligation to be issued on any such loan, and the time and place of payment; * * * and it shall be their duty, from time to time, as the said obligations shall become due and payable, to impose upon the taxable property of such town, sufficient tax to pay the said principal and interest of such obligations, according to the terms and conditions thereof." The obvious intention of these provisions of law was to authorize the officers of towns, in behalf of the town, to determine upon the building or repairing of any road or street within the town, that they might deem necessary to be built or repaired upon the credit of the town, and to borrow the money needed for such purpose, for the town, on the credit of the town, provided the supervisors of the county should give their sanction to the proceeding. According to the act, the town authorities named therein must determine the amount of the expenditure to be made and the necessity therefor, and they are to expend the money, when raised, for the town, but they cannot borrow the money upon the credit of the town unless authorized to do so by the supervisors of the county. The power to borrow money, here conferred, plainly is dependent upon the power to determine upon the necessity, amount and manner of the expenditure, and the power is confined to borrowing, upon the credit of the whole town, a sum to be raised by tax upon the taxable property of the whole town. There is no power to borrow for, or to tax, a part of a town. If, then, it be ascertained that, since the passage of the act of 1869, all jurisdiction over the roads of any part of the town of Southfield has been taken away from the authorities of that town, so that they no longer have power to determine upon the repairing of roads in such part, or to expend money therefor, the conclusion must follow, that, so far as the town of Southfield is concerned, the act of 1869 no longer confers authority upon the officers of the town to borrow money to be expended on such roads. Turning now to the act of 1870, which incorporates a village whose limits extend over part of the town of Southfield and over part of the town of Middleton, it is at once seen, that, with regard to the roads and avenues of that part of the town within the limits of the village of Edgewater, the town officers have been deprived of all jurisdiction whatever. Some of the provisions of this statute may here be mentioned, to show how absolutely the power to interfere with the roads in this locality, or to tax the town for their repair, has been taken away from the town officers. Thus section 1 of title 9 of the act provides, that the board of trustees (of the village) shall have the sole control and management of the roads, avenues, streets and public places of the village, and of the construction, drainage, repair and improvement of the same, with sole power, by subdivision 2, to keep the same in good repair, to macadamize the same, to change the grade of, or otherwise improve, the same; by subdivision 4, to direct any sidewalk, upon any street, avenue or highway of said village, to be flagged; and, by subdivision 13, to determine the lines of all roads, avenues, streets and public places of the village. Section 9 of title 15 makes it the duty of the village trustees to cause a topographical survey and map

of the village to be made, showing the lines and width of all streets and avenues, and showing and establishing the grades of such streets and avenues, with power to the trustees, "in their discretion, to direct the alteration of any grade." Title 8 provides a street commissioner to be "under the direction of the trustees," who shall determine what action, if any, shall be taken as to any street, avenue or highway in said village. Title 12, § 1, provides that the village trustees shall have power to raise annually, by taxation upon the taxable inhabitants of the village, and the property therein liable to taxation, such sum of money as they shall deem proper to be expended for roads and improvements, with the proviso, that the amount raised in any one year shall not exceed a specified sum, except in certain special cases. By section 7 of title 13 the village trustees are required, in each year, at or before the time at which they shall determine the amount of village tax to be levied for that year, to make a formal budget and appropriation of the moneys so to be raised, to the purpose, among others, of "repairs of streets." By section 4 of title 12 all taxes and assessments authorized by the act are made a first lien upon the lands upon which the same shall be imposed or assessed, and until paid by the owner of the land. The grading and macadamizing of the streets and avenues in this part of the town are, by this act, classed as improvements, and the act requires that expenses of this character shall be assessed upon and borne by the property benefited thereby. The power "to cause avenues and streets to be opened, extended, widened, regulated, paved, macadamized, or covered with broken stone," "and, generally to make such other improvements in and about the streets, avenues and public squares of the village, as the public wants and conveniences may require," is conferred upon the village trustees by section 1 of title 10, while section 1 of title 15 provides that "the village shall constitute a separate road district, under the direction and supervision of the trustees of said village, and free from any interference or control by any other officers or persons." The legal effect of these provisions is to declare that the roads and streets in that part of the town of Southfield which lies within the limits of the village of Edgewater, are to be repaired, graded and macadamized when and in such manner as shall be determined on by the trustees of Edgewater, at the expense of the village, and not at the expense of the town, nor can any tax be levied upon the town for such a purpose. It cannot be supposed that the legislature intended to confer powers like these upon the village trustees, and at the same time permit the same powers to be exercised by the town authorities. Indeed, the act expressly declares the contrary, when it forbids "any interference or control by any other officers or persons;" and it is evident,

from the nature of the powers, that it would be impossible for such powers to be exercised concurrently by the town officers and the village trustees. Furthermore, by title 13, § 3, of the act of 1870, the power to borrow money upon the credit of the village is limited; and by section 4 the trustees are forbidden to contract any indebtedness, or incur any liability, for the payment of money, in any year, beyond the revenue of that year, except as expressly permitted by the act itself. These provisions forbid the idea that it was the intention to leave the authorities of the town of Southfield with unlimited authority to impose upon the same locality an unlimited debt for the very same purposes. It seems impossible, therefore, for the act of 1869 and the act of 1870 to be operative at the same time, in the locality under consideration; and the conclusion is forced, that the legal effect of the act of 1870 was to remove the town of Southfield from the operation of the act of 1869, as effectually as were the counties of New York and Kings, by the express terms of the latter act.

Under this view of the effect of the act of 1870, the fact that the trustees of the village of Edgewater consented to the exercise by the town authorities of the authority which they assumed to exercise by virtue of the act of 1869, when they issued the bonds in question, is wholly immaterial. The consent of the village trustees could not create a power when no such power existed, and the existence of the power has not been claimed, except by virtue of the act of 1869. Nor does it avail, that it appears on the face of the bonds that the money raised thereby might be expended on the Richmond road, which is outside the village limits and partly in the town of Southfield. The consideration of the bonds is entire and not separable. The illegal part thereof vitiates the whole; and, moreover, the bonds disclose their illegality upon their face, for they recite that they are issued in pursuance of chapter 855 of the Laws of 1869, for the purpose of repairing, regulating and macadamizing certain streets, which statute, as has been seen, had ceased to be operative in the town of Southfield, and could confer no power to pledge the credit of that town for the repairing, grading or macadamizing of any street whatever.

Entertaining these views in respect to the effect of the Act of 1870, it is unnecessary for me to pass upon the other grounds taken in behalf of the town, and it becomes my duty to declare the coupons upon which this action is brought to be void, for the reason that the bonds to which they were attached were issued without any authority of law. Judgment must, therefore, be for the defendant.

---

BULLARD (AMERICAN COTTON-TIE SUPPLY CO. v.). See Case No. 294.